# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MATTHEW SUND,<br><br>Plaintiff,<br><br>v.<br><br>COTTONWOOD HEIGHTS POLICE DEPT.,<br><br>Defendant. | Case No. C18-595RSM<br><br>ORDER TRANSFERRING VENUE |

This matter comes before the Court *sua sponte* on a review of Plaintiff Matthew Sund's Application to proceed *in forma pauperis* and attached Proposed Complaint. *See* Dkt. #1-1.

Under 28 U.S.C. § 1404, this Court has discretion to transfer this case in the interests of convenience and justice to another district in which venue would be proper. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Specifically, Section 1404(a) states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). The purpose of this statute is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Pedigo Prods., Inc. v. Kimberly-Clark Worldwide, Inc.*, No. 3:12-CV-05502-BHS,

ORDER TRANSFERRING VENUE - 1

2013 U.S. Dist. LEXIS 12690, 2013 WL 364814, at *2 (W.D. Wash. Jan. 30, 2013) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)).

In the Ninth Circuit, district courts typically apply a nine-factor balancing test to determine whether to transfer a case under § 1404(a), examining: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, [] (8) the ease of access to sources of proof, and (9) the public policy considerations of the forum state." *Jones*, 211 F.3d at 498-99.

Mr. Sund resides in Utah and brings this suit against a police department located in Utah. It is unclear why he filed suit in the Western District of Washington. All alleged events took place in Utah. *See* Dkt. #1-1. Based on the record before it, the Court is convinced that this case cannot proceed in this district, can only proceed in Utah, and that it would be most convenient to all parties involved and any potential witnesses for the case to proceed there.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby FINDS and ORDERS that this matter is hereby TRANSFERRED to the United States District Court for the District of Utah for all

//
//
//
//

ORDER TRANSFERRING VENUE - 2

further proceedings.

DATED this 9th day of May 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER TRANSFERRING VENUE - 3