IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MATTHEW SUND,<br><br>         Plaintiff,<br><br>v.<br><br>COTTONWOOD HEIGHTS POLICE DEPARTMENT,<br><br>         Defendant. | **REPORT AND RECOMMENDATION TO DISMISS COMPLAINT (ECF NO. 17)**<br><br>**AND**<br><br>**ORDER DENYING MOTION FOR OFFICIAL SERVICE OF PROCESS (ECF NO. 10)**<br><br>Case No. 2:18-cv-403-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

Pro se Plaintiff Matthew Sund initiated this action in the Western District of Washington in April 2018. (ECF No. 1.) The Western District of Washington transferred the case to the District of Utah in May 2018, (ECF No. 5), and on June 4, 2018, the Court granted Mr. Sund's application for leave to proceed in forma pauperis and waived the prepayment of filing fees pursuant to 28 U.S.C. § 1915 ("IFP Statute"). (ECF No. 8.) Also in June 2018, Mr. Sund filed a Motion for Official Service of Process, asking the Court to serve his Complaint, consistent with the IFP statute. (ECF No. 10)

Mr. Sund asserts claims against Defendant Cottonwood Heights Police Department ("CHPD") under 42 U.S.C. § 1985 and Article I, Section 8, Clause 15 of the United States Constitution ("Militia Clause"). (Compl. 3, ECF No. 17.) Among other seemingly disconnected allegations, Mr. Sund alleges that CHPD "operate[s] a police force in Cottonwood Heights" without authorization when "[l]aw enforcement is to be done by Salt Lake City Unified Police Department." (Id. at 5.) As relief, Mr. Sund seeks

1

"authorization to seize the impersonator vehicles from the now defunct [CHPD] and convert them to Taxicabs using force." (Id. at 6.)

The undersigned[1] set a hearing on Mr. Sund's Motion for Official Service of Process for November 15, 2018 to give Mr. Sund the opportunity explain the claims he wishes to assert in this case and the bases for those claims. (ECF No. 27.) Mr. Sund did not appear for the hearing. (ECF No. 28.)

For the reasons addressed below, the undersigned RECOMMENDS the District Judge DISMISS Mr. Sund's claims against the CHPD for failure to state a claim upon which this Court can grant relief. The undersigned further DENIES Mr. Sund's Motion for Official Service of Process (ECF No. 10) because his Complaint fails to sate an actionable claim.

## STANDARD OF REVIEW

As noted above, Mr. Sund proceeds pro se under the IFP Statute, which requires the Court to dismiss the case if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. See 28 U.S.C. § 1915(e)(2)(B). In determining whether a complaint fails to state a claim for relief under the IFP Statute, courts employ the same standard used for analyzing motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). See Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the Court "look[s] for plausibility in th[e] complaint." Id. at 1218 (quoting Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007)) (second

---

[1] The District Judge referred this case to undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 11.)

alteration in original).  "Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)) (alterations in original).

In undertaking that analysis, the undersigned liberally construes Mr. Sund's filings because he proceeds pro se and holds them "to a less stringent standard than formal pleadings drafted by lawyers."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

> [T]his rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence constructions, or his unfamiliarity with pleading requirements.  At the same time, [the Tenth Circuit] do[es] not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.

Hall, 935 F.2d at 1110.  Additionally, the Court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."  Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).  Further,

> [t]he broad reading of the [pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

Hall, 935 F.2d at 1110 (citations omitted).  With the foregoing standards in mind, the undersigned will now review the sufficiency of Mr. Sund's Complaint under the IFP Statute.

3

**ANALYSIS**

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007). Compliance with Rule 8 requires a pleading "explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed him or her and, what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Sund brings his action under § 1985 and the Militia Clause. To state an obstruction of justice conspiracy claim under § 1985(2) a plaintiff must allege: "(1) a conspiracy, (2) to deter attendance in court or testimony by force or intimidation or to injure a witness for having appeared in court or testified, and (3) injury to the plaintiff." Hogan v. Winder, 762 F.3d 1096, 1113 (10th Cir. 2014). "[A] § 1985(3) claim generally describes a conspiracy of two or more persons for the purpose of depriving of another of equal protection of the laws or equal privileges and immunities under the laws." Dixon v. City of Lawton, 898 F.2d 1443, 1447 (10th Cir. 1990). "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993). "Conclusory allegations that the defendants acted in concert or conspired without specific

4

factual allegations to support such assertions are insufficient to state a claim under § 1985(3)." Archuleta v. City of Roswell, 898 F. Supp. 2d 1240, 1248 (D. N.M. 2012). Mr. Sund does not allege any facts to support a § 1985 claim. Mr. Sund does not assert any facts showing that the CHPD attempted to deter his appearance in court or injure him for having appeared in court, nor does he allege a conspiracy between two or more persons or an act in furtherance of any conspiracy.

Mr. Sund's underlying claim seems to be that CHPD has no authority to exist, (Compl. 5, ECF No. 17), but this allegation does not support a § 1985 claim. Moreover, Mr. Sund's Complaint lacks any factual allegations to support his claim that CHPD has no authority to exist. To the contrary, Utah authorizes municipalities to maintain police services, (see, e.g., Utah Code Ann. §§ 10-3-909, 10-3-910, 10-3-913, 10-3-914, 10-3-915, 10-3-918, and 10-3-919), and Cottonwood Heights created its police department pursuant to a city ordinance. See Cottonwood Heights Ord. Ch. 2.130.010 ("There is established the Cottonwood Heights Police Department . . .")

Mr. Sund also asserts in his Complaint that CHPD "arrested and misidentified a man with consular/community action program MiG AcetlyButylStyreme [sic] Matrix identification in Midvale, UT." (Compl. 5, ECF No. 17.) Mr. Sund does not claim to be this man, thus he lacks standing to challenge the arrest of this man. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (requiring a showing of an injury-in-fact, a causal connection between the injury and the action alleged, and a likelihood that the requested relief will redress the injury to have standing to maintain a case in federal court). Hence this fact appears superfluous.

Mr. Sund further alleges that his "hand was broken serving an injunction which required lethal force upon the salt lake county sherrif [sic] it would turn out later that this man was an impersonator." (Compl. 6, ECF No. 17.)  However, Mr. Sund makes no claims against the Salt Lake County Sherriff or any individual.  Thus this fact appears superfluous.

Finally, the Militia Clause establishes that Congress may "provide for calling forth the Militia to execute the Laws of the Union, suppress Insurrections and repel Invasions." U.S. Const. Art. 1, § 8, Cl. 15.  The clause does not set forth the existence of an individual right that can form the basis of a civil rights claim, let alone a § 1985 conspiracy claim.  Accordingly, Mr. Sund cannot and does not state a claim under the Militia Clause.  Based on the foregoing, the undersigned concludes that Mr. Sund's Complaint fails to state a claim upon which the Court can grant relief.

Moreover, the relief Mr. Sund requests falls into the category of facially frivolous under the IFP Statute.  See 28 U.S.C. § 1915(e)(2)(B)(i) (providing that whenever the court authorizes a party to proceed without the prepayment of fees under the IFP Statute, the court must "dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious").  The United States Supreme Court has construed the term "frivolous" within the context of the IFP Statute by stating that

> a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . § 1915[]'s term "frivolous," when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.

Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The IFP Statute

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the

> veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist . . . . Examples of the latter class are claims describing fantastic or delusional scenarios.

Id. at 327-28; see also Hall, 935 F.2d at 1108-09. Factual allegations qualify as baseless when the facts alleged depict "fantastic or delusional scenarios" that "rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Even assuming Mr. Sund has standing and a claim for some sort of wrong, the relief Mr. Sund seeks falls outside the bounds of what this court awards. For relief, Mr. Sund requests that this Court permit him to seize CHPD vehicles so he may convert them to taxicabs. (See Compl. 6, ECF No. 17.) Even if the CHPD no longer operates (see id.), Mr. Sund has not alleged any facts that would entitle him to seize its vehicles. As Mr. Sund's Complaint seeks only this seizure as relief, his Complaint falls into the frivolous category.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS dismissal of Mr. Sund's Complaint for failure to state a claim for relief and/or for stating a frivolous claim.

The Court will send copies of the foregoing Report and Recommendation to Plaintiff and hereby notifies him of his right to object to the same. Within fourteen (14) days of service of a copy, Plaintiff may file written objections. Failure to object may constitute a waiver of objections upon subsequent review.

**ORDER**

The undersigned DENIES Mr. Sund's Motion for Official Service of Process (ECF No. 10) because his Complaint fails to state a claim.

DATED this 3rd day of December, 2018.

BY THE COURT:

*Evelyn J. Furse*
EVELYN J. FURSE
United States Magistrate Judge