IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MATTHEW SUND,<br><br>        Plaintiff,<br><br>v.<br><br>COTTONWOOD HEIGHTS POLICE DEPARTMENT,<br><br>        Defendant. | ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS COMPLAINT<br><br>Case No. 2:18-cv-403-RJS-EJF<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

On June 15, 2018, the undersigned referred this case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. § 636(b)(1)(B), to manage the case up to and including a Report and Recommendation on all dispositive matters.[1] Now before the court is Judge Furse's Report and Recommendation, issued December 3, 2018, recommending "dismissal of Mr. Sund's Complaint for failure to state a claim for relief and/or for stating a frivolous claim."[2]

Under Rule 72(b)(2) of the Federal Rules of Civil Procedure, Sund may object to Judge Furse's Report and Recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." The court has been unable to serve Sund because he changed his

---

[1] Dkt. 11.
[2] Dkt. 29 at 7.

1

address without notifying the court.³ To date, Sund has not objected to Judge Furse's Report and Recommendation.⁴

"In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). The court applies a "clearly erroneous" standard.⁵ Under this standard, the court will affirm Judge Furse's ruling unless it "is left with the definite and firm conviction that a mistake has been committed."⁶

Having carefully reviewed Judge Furse's Report and Recommendation, the court concludes that Judge Furse's reasoning and conclusions are well supported. Sund's Complaint fails to adequately plead facts that would support a claim for relief under 42 U.S.C. § 1985, and his reliance on the Militia Clause for an individual cause of action is misplaced. Accordingly, the court ADOPTS the Report and Recommendation in its entirety and DISMISSES Sund's Complaint.

The Clerk of Court is directed to CLOSE this case.

SO ORDERED this 4th day of February, 2019.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

³ On October 30, 2018, the clerk of court mailed Sund a notice for a hearing, scheduled for November 15, 2018, to the address Sund provided the court. Dkt. 27, 30. Sund did not attend the hearing on November 15, 2018. Dkt. 28. The October 30, 2018, notice of hearing was returned on January 15, 2019, as "Undeliverable/Box Closed." Dkt. 30.
⁴ *See* Dkt. 1 to 30.
⁵ *See* 28 U.S.C. § 636(b)(1) (requiring de novo determination only "of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) (mandating de novo review for "any part of the magistrate judge's disposition that has been properly objected to."). *Cf. Lykins v. CertainTeed Corp.*, 555 F. App'x 791, 796–97 (10th Cir. 2014) ("[A] district court reviews a magistrate judge's order under a clearly erroneous or contrary to law standard.").
⁶ *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (citations omitted).